IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBBIE CHRISTIANSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>TEAMSTERS UNION LOCAL #554<br>a/k/a GENERAL DRIVERS &<br>HELPERS UNION #554,<br><br>    Defendant. | 8:06CV690<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on defendants' motion for summary judgment[1], Filing No. 12, supplemental motion for summary judgment, Filing No. 22, and plaintiff's motion to strike[2], Filing No. 29.  Plaintiff alleges she was terminated from her employment because of her gender and in retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*  Defendant contends that the court does not have jurisdiction over this case, as defendant does not employ fifteen or more employees for the twenty requisite weeks as required by Title VII.  Plaintiff disagrees with this assertion.

## BACKGROUND

  Defendant hired plaintiff on September 9, 1981, and she served as a business agent at all relevant times herein.  Defendant hired a secretary treasurer, James Sheard

---

[1] Plaintiff contends that the court should strike the motion for summary judgment and the supplements on the basis that defendant failed to file a specific statement of material facts and failed to cite authority to support its position.  The court disagrees.  The defendant has succinctly set forth its allegations of lack of jurisdiction, its supporting facts, and its supporting law.  Accordingly, the court finds this argument lacks merit.

[2] Plaintiff argues that defendant has neglected to comply with NECivR 56.1 by failing to set forth separate statements of material fact.  The court notes the defendant has complied with the spirit of NECivR 56.1 but not the literal requirement of the local rule.  The court suggests counsel attempt to comply with the rule in the future.  With that said, the court notes for the record that the statements of fact, arguments concerning the legal issues, and the law cited by the defendant clearly delineate defendant's position for both the court and the plaintiff.

(Sheard), on March 18, 2001, and within six months, on September 9, 2001, Sheard fired plaintiff. Thereafter, plaintiff applied for additional business agent positions, and defendant hired two allegedly lesser qualified males. It appears the defendant then interviewed five males and hired two of them, Danny Avelyn and Scott Utecht. Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a right-to-sue letter on August 2, 2006. Plaintiff argues defendant fired and then failed to rehire her in violation of Title VII.

Defendant contends it fired plaintiff for failure to perform her duties, for making serious mistakes, and for being insubordinate about attending a training session at the University of Nebraska. During her exit interview, defendant claims plaintiff used lewd and disrespectful language. According to defendant, the two new employees were hired on February 10 and 26, 2002, and plaintiff reapplied on February 20, after the hiring already occurred. Defendant also contends that the EEOC charge contained only allegations of gender discrimination and none regarding retaliation.

## SUMMARY JUDGMENT STANDARD

On a motion for summary judgment, the question before the court is whether the record, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). Where unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir. 1995)*.*

The burden of establishing the nonexistence of any genuine issue of material fact is on the moving party. Fed. R. Civ. P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Therefore, if defendant does not meet its initial burden with respect to an issue, summary judgment must be denied notwithstanding the absence of opposing affidavits or other evidence. *Adickes*, 398 U.S. at 159-60; *Cambee's Furniture, Inc. v. Doughboy Recreational Inc.*, 825 F.2d 167, 173 (8th Cir. 1987).

Once defendant meets its initial burden of showing there is no genuine issue of material fact, plaintiff may not rest upon the allegations of his or her pleadings but rather must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. *See* Fed. R. Civ. P. 56(e); *Chism v. W.R. Grace & Co.*, 158 F.3d 988, 990 (8th Cir. 1998). The party opposing the motion must do more than simply show that there is some metaphysical doubt as to the material facts; he or she must show "there is sufficient evidence to support a jury verdict" in his or her favor. *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts are viewed in the light most favorable to the nonmoving party, "in order to defeat a motion for summary judgment, the nonmoving party cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Carter v. St. Louis University,* 167 F.3d 398, 401 (8th Cir. 1999); *Ghane v. West,* 148 F.3d 979, 981 (8th Cir. 1998). In ruling on a motion for summary judgment, a court must not

3

weigh evidence or make credibility determinations. *Kenney v. Swift Transp. Co.*, 347 F.3d 1041, 1044 (8th Cir. 2003).

Summary judgment should seldom be granted in discrimination cases. *Heaser v. Toro*, 247 F.3d 826, 830 (8th Cir. 2001). In passing on a motion for summary judgment, it is not the court's role to decide the merits. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (on motion for summary judgment, district court should not weigh evidence or attempt to determine truth of matter). The court must simply determine whether there exists a genuine dispute of material fact. *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1107 (8th Cir. 2000).

## DISCUSSION

Defendant contends that this court has no jurisdiction because defendant is not an "employer" pursuant to 42 U.S.C. § 2000e(b), and plaintiff is not an "employee" pursuant to 42 U.S.C. § 2000e(f), as defendant did not have fifteen employees or more as required under the statute. The dispute centers around whether a trustee is considered an employee under Title VII and the court must so determine. To be an employee under 42 U.S.C. § 2000e(b), the employer must employ fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year. Anything less will bar recovery. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1245 (2006) (numerosity requirement is an element of plaintiff's claim for relief rather than a jurisdictional requirement). The courts have adopted a "payroll method" to determine employment. *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206 (1997). To meet the definition of "employee," one must receive compensation. *Daggitt v. UFCW 304A*, 245 F.3d 981, 987 (8th Cir. 2001). Further, directors are not

4

considered employees under Title VII, even if they receive compensation. *Chavero v. Local 241*, 787 F.2d 1154, 1157 (7th Cir. 1986).

Sheard filed an affidavit attesting to the fact that during the calendar years 2000, 2001, and 2002, the union did not have fifteen or more employees for each working day of twenty or more calendar weeks in the current or preceding calendar year prior to the plaintiff's termination in 2001 and prior to the failure to rehire plaintiff in 2002. Filing No. 13, Ex. 1. He also indicated he did not count certain persons because: (1) the stewards were not compensated in 2000, 2001, and 2002; (2) the trustees of the union serving on the executive board do not perform work functions and are not employees; (3) the strikers did not receive strike benefits in 2000, 2001, 2002; and (4) union-only members did not receive compensation from the defendant. *Id.*

The defendants then filed a supplemental affidavit of James Sheard with supporting payroll exhibits, Filing No. 19, with supporting Exhibits A-1, A-2, A-3, A-4, B, and C. Mr. Sheard in his supplemental affidavit states that trustees are included in the count for persons providing services, although defendant takes the position that the trustees are not "employees" under Title VII. Filing No. 19. Thereafter, defendant filed a supplemental motion for summary judgment, Filing No. 22, asking the court to exclude trustees from consideration as employees. Defendant made the argument that even if the court counts the trustees for the years 2001 through 2003, there were never twenty or more weeks with fifteen employees. However, for the year 2000, the parties agree that if the court counted the trustees as part-time employees, there would be twenty weeks in which the union employed fifteen or more employees in a twenty-week period. Filing No. 22. Again, however, the defendant argues in any event these trustees were not employees but were

5

directors of the executive board of the union. *Id.* The trustees, argues defendant, performed no day-to-day functions, are not under the direction of any officer or other employee, and perform primarily executive functions. *Id. See Chavero*, 787 F.2d at 1157; *Kern v. City of Rochester*, 93 F.3d 38, 47 (2nd Cir. 1997). Following these filings and submissions by the defendant, plaintiff now agrees that the issue in this case is limited to the number of employees in the year 2000. Filing No. 28, p. 2, f.n. 1. Accordingly, the court need only address this issue with regard to the year 2000.

The parties agree that during the year 2000, there were at least fifteen or more employees for twenty or more calendar weeks, if the trustees are counted. Plaintiff contends that the trustees received a monthly paycheck, not necessarily related to when they performed their duties. The court finds that these trustees were not employees in the year 2000. In the year 2000, the trustees are listed on the payroll of the union and drew a small stipend of $140.00 per month as trustees on their W-2's. Ex B to Affidavit of Sheard, Filing No. 19. These trustees were elected by the membership, and they reviewed the financial records of the union once per month for approximately one hour and attended a one-hour meeting once per month. Filing No. 22, Ex. 1. In 2000, the trustees did not report to the membership, but submitted an executive report which was read at the meetings. *Id.* They also did not perform any day-to-day functions during this year. *Id.* Significantly, all of the 2000 year trustees were employed in full-time jobs other than with the defendant. Further, James Sheard testified in his deposition that he has no control over the trustees, and the trustees are totally independent. Filing No. 23, Sheard Dep. at 26:5-18. Also, the trustees cannot be replaced by the defendant, and the trustees have no day-to-day employee-type responsibilities or duties for the union. *See Chavero,* 787

F.2d at 1157 (directors are more like an employer than an employee, and summary judgment granted); *Kern* 93 F.3d at 47.  Accordingly, the court finds the trustees are not employees within the meaning of Title VII, and the plaintiff has failed to establish a prima facie element of her cause of action against the defendant.

THEREFORE, IT IS ORDERED:

1.  Defendant's motion for summary judgment, Filing No. 12, and amended motion, Filing No. 22, are granted.

2.   Plaintiff's motion to strike, Filing No. 29, is denied.

3.   The court will enter a separate judgment in accordance with this Memorandum and Order.

DATED this 17th day of July, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief Judge, U. S. District Court